```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
VIVIAN E. BURNS,                                                  :
                                                                  :
                                  Plaintiff,                      :    **MEMORANDUM DECISION**
                                                                  :    **AND ORDER**
                 - against -                                      :
                                                                  :    19-cv-1211 (BMC) (JO)
                                                                  :
MEDGAR EVERS COLLEGE OF THE CITY                                  :
UNIVERSITY OF NEW YORK (CUNY); MR.                                :
JOHNSTON, Counsel General to the President,                       :
                                                                  :
                                  Defendants.                     :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action against her employer, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA").[1]  Plaintiff's request to proceed *in forma pauperis* is granted.  For the reasons stated below, plaintiff's complaint is dismissed and she is granted leave to file an amended complaint within twenty days after the entry of this order.

## SUMMARY OF COMPLAINT

Plaintiff's claims arise from her employment at defendant Medgar Evers College. Sometime between May 2017 and July 18, 2018, defendant Mr. Johnston allegedly "bullied" plaintiff by yelling at her, calling her stupid, and telling her not to leave her desk for longer than ten minutes at a time without permission.  Plaintiff also claims that she was transferred from her role as the department liaison because she "can't read nor speak well," and that she was denied

---

[1] Plaintiff does not select the ADA as a jurisdictional basis on the form complaint, but since her factual allegations cite a disability, the court liberally construes the complaint as alleging an ADA claim.

promotion on three occasions despite being told by her supervisor that she deserved to get a raise or promotion. Plaintiff states that she suffers from bipolar disorder.

Plaintiff now brings this action against defendants under Title VII and the ADA. She claims that she was the subject of discriminatory conduct in the form of bullying, retaliation, and denial of promotion on the basis of her race, color, gender, religion, or national origin – though she does not identify which one – as well as on the basis of her disability.

## **DISCUSSION**

*Pro se* litigants' submissions are construed liberally. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a court may *sua sponte* dismiss a complaint if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law" or when "a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

To state a claim for discrimination under Title VII, "the facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted). To state a claim for retaliation under Title VII, a plaintiff "must plausibly allege that . . . defendants discriminated – or took an adverse employment action – against [plaintiff] because he has opposed any unlawful employment practice." Id. at 90 (internal quotation marks omitted). To state a claim under the ADA, a plaintiff must plausibly allege that she "suffered an adverse employment action because of [her] disability or perceived disability." Kinneary v. City of New York, 601 F.3d 151, 155-56 (2d Cir.

2010) (quoting Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005)).  A claim is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, none of plaintiff's allegations give rise to an inference of discrimination or discriminatory intent.  Plaintiff alleges no facts connecting an adverse employment action with either her disability or her race, color, gender, religion, or national origin.  "Bullying" alone, unconnected from the intent to discriminate based on one of these protected categories, is not sufficient to bring a claim for discrimination.  See Nakis v. Potter, 01-cv-10047, 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) ("Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable.").

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint no later than twenty days after the entry of this order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
       August 12, 2019